ORDERED.

**Dated:  March 31, 2022**

Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 8:13-bk-06852-MGW
                                                          Chapter 13

Lisa S. Davis,

　　　Debtor.
_____/

## ORDER AND MEMORANDUM OPINION
## ON FEE-SHARING UNDER BANKRUPTCY CODE § 504

　　　Bankruptcy Code § 504 prohibits a person from sharing compensation received under § 503(b)(2), which includes fees awarded to a professional employed under § 327. Here, special counsel, who was employed to prosecute a personal injury action on the Debtor's behalf, agreed to pay Debtor's general counsel a $7,000 referral fee. Debtor's counsel contends the referral does not run afoul of § 504 because special counsel was employed under § 328—not § 327. Thus, Debtor's counsel contends, the fees were not received under § 503(b)(2). To the contrary, because all professionals (including special counsel) are employed under § 327, and §

328 simply tells us on what terms they may be employed, the referral fee is barred by
§ 504.

## I.    Background

Four years after filing this case, the Debtor was involved in a car accident. So
the Debtor filed an application to employ Christopher Boyd, of Butler & Boyd, P.A.,
as special counsel to sue her insurer and the owner of the car.[1] The Debtor proposed
to pay Butler & Boyd a twenty-five percent contingency fee.[2] Butler & Boyd, in turn,
proposed to pay Ronald Bidwell, who is representing the Debtor in this chapter 13
case, a twenty-five percent referral fee.[3] The Court approved the application to pay
Butler & Boyd.[4]

The Debtor settled her claim against her insurer for $39,999, which the Court
approved.[5] The Debtor later settled her remaining claim for $70,000.[6] As part of the
settlement, the Debtor proposed to pay Butler & Boyd $21,000 and Mr. Bidwell

---

[1] Doc. No. 43.

[2] *Id.* at ¶ 5.

[3] *Id.*

[4] Doc. No. 44.

[5] Doc. Nos. 51 & 54.

[6] Doc. No. 62, ¶ 6.

$7,000.[7] The Trustee opposed the settlement on a variety of grounds, including that payment of a referral fee to Debtor's counsel violates Bankruptcy Code § 504.[8]

Although the Court approved the settlement, including the payment of $28,000 in fees to Butler & Boyd, it ordered Butler & Boyd to hold the $7,000 referral fee in its trust account until this Court decided whether § 504 permits payment of a referral fee.[9] The Court assumes that fee sharing is permissible under state bar rules. The question is whether it is barred by Bankruptcy Code § 504.

## II.    Conclusions of Law

Subject to three exceptions, none of which are present here, Bankruptcy Code § 504 bars a person receiving compensation under § 503(b)(2) or § 503(b)(4) from sharing it with another person.[10] The reason is two-fold:

> Whenever fees or other compensation is shared among two or more professionals, an incentive may exist to adjust upward the compensation sought in order to offset any diminution to the share of either. Consequently, sharing of compensation can inflate the cost of a bankruptcy case to the bankruptcy estate and therefore decrease the distribution to creditors. Fee splitting also subjects the professional to outside influences over which the court has

---

[7] Doc. No. 62, ¶ 7.

[8] Doc. No. 60, ¶ 2.

[9] Doc. No. 70, ¶¶ 4 & 5.

[10] 11 U.S.C. § 504(a)(1) – (2); 4 *Collier on Bankruptcy* ¶ 504.01 (16th ed. 2022) ("Section 504 of the Bankruptcy Code prohibits any person receiving compensation or reimbursement of expenses under subsection 503(b)(2) or (b)(4) from sharing such compensation with another person.").

> no control, which tends to transfer from the court some
> degree of power over expenditure and allowances.[11]

Last year, in *In re Bugay*, Bankruptcy Judge Roberta Colton explained why payment of a referral fee in facts similar to those here violates § 504's fee-sharing prohibition.[12]

There, like here, the debtor employed special counsel to pursue a personal injury action. The personal injury action was settled for $10,000. Under the settlement, $3,333 was to be paid to special counsel, who agreed to pay a portion of those fees to debtor's counsel as a referral fee.[13] The chapter 13 trustee questioned the propriety of the referral fee.[14]

Judge Colton explained that a referral fee violates § 504 when three elements are present. First, a person must have received compensation under § 503(b)(2) or §503(b)(4). Second, the person receiving compensation under those sections shared (or agreed to share) the fees with another person. Third, the person sharing the compensation does not fall within any of the three exceptions in § 504(b).[15] Having concluded that all three elements were present, Judge Colton disallowed the referral fee.[16]

---

[11] 4 *Collier on Bankruptcy* at ¶ 504.01; *see also Goldberg v. Vilt (In re Smith)*, 397 B.R. 810, 816 – 17 (Bankr. E.D. Tex. 2008) (quoting 4 Collier on Bankruptcy ¶ 504.01 (15th ed. Rev. 2005)).

[12] *In re Bugay*, 2021 WL 3162632, at *1 (Bankr. M.D. Fla. June 8, 2021).

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at *1 – 2.

Here, Debtor's counsel argues this case is different from *Bugay*—and that two of the three elements for a § 504 violation are not present—because special counsel in this case did not receive compensation under § 503(b)(2) or § 504(b)(4). Section 503(b)(2), the only basis for the fees awarded to special counsel, expressly incorporates § 330(a).[17] Section 330(a), in turn, permits compensation to (among others) "a professional employed under section 327."[18] Debtor's counsel says special counsel was employed under § 328—not § 327.

This very argument was addressed by Bankruptcy Judge Leif Clark ten years ago in *In re Age Refining, Inc.*[19] There, Judge Clark noted that "[p]ractitioners seem to believe that section 328 is another section under which a professional can be retained, as an alternative to section 327."[20] To the contrary, Judge Clark explained, "professionals representing the trustee are only employed under section 327."

In other words, § 327 "tells us who the trustee may hire to represent him in a case";[21] § 328 "tell us on what terms the trustee may hire professionals to represent

---

[17] 11 U.S.C. § 503(b)(2) (providing an administrative expense claim for "compensation and reimbursement awarded under section 330(a) of this title").

[18] 11 U.S.C. § 330(a)(1).

[19] 447 B.R. 786 (Bankr. W.D. Tex. 2011).

[20] *Id.* at 795 n.1.

[21] *Id.* at 795.

him";[22] and "§ 330(a) is the single vehicle by which all professional persons employed under section 327 are paid—regardless on what basis they are paid."[23]

## III.   Conclusion

Butler & Boyd was retained under § 327 and compensated under § 330(a). As a consequence, their compensation is subject to § 504's prohibition against fee sharing. Debtor's counsel is therefore not entitled to a $7,000 referral fee. Accordingly, it is

**ORDERED**:

1.     The Chapter 13 Trustee's objection to the referral fee is sustained. The payment of a referral fee to the Law Office of Ronald R. Bidwell, P.A., is disallowed.

2.     The remaining $7,000 in attorney's fees being held in trust shall be disbursed to Butler & Boyd, P.A.

---

Attorney Ronald Bidwell is directed to serve a copy of this Memorandum Opinion and Order on all interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of this Memorandum Opinion and Order.

---

**Lydia M. Gazda, Esq.**
*Counsel for the Chapter 13 Trustee*

**Ronald R. Bidwell, Esq.**
**The Law Office of Ronald R. Bidwell, P.A.**
*Counsel for the Debtor*

---

[22] *Id.*

[23] *Id.* at 796.